**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
RONALD MYNOR VASQUEZ MUÑOZ,
      *Plaintiff*,

-against-

SAFEWAY TOWING INC., D & G AUTO REPAIR, INC., ELITE TOWING & FLATBEDDING CORP., AND GLENN PANTORE

      *Defendants.*
-------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**
**JURY TRIAL DEMANDED**

Ronald Mynor Vasquez Muñoz ("Plaintiff") by and through his/her attorneys, Law Offices of Colin Mulholland and Naydenskiy Law Firm, LLC, upon his/her knowledge and belief, and as against Safeway Towing Inc., D & G Auto Repair, Inc., Elite Towing & Flatbedding Corp., Glenn Pantore (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of Safeway Towing Inc., D & G Auto Repair, Inc., Elite Towing & Flatbedding Corp., and Glenn Pantore at 5 Pleasant St, New Rochelle, NY 10801.

2. Defendants own(ed), operate(d), and/or control(ed) a towing and auto repair shop located at 5 Pleasant St, New Rochelle, NY 10801. This location serves as a lot, auto workshop and dispatch center for Defendant's operations which were entirely integrated with a common ownership, common employees and common tools and materials.

3. Plaintiff was employed as a porter, custodian, helper and general laborer to wash, service and organize Defendants' equipment and vehicles from approximately December 2008 until in or around 2012; from in or around 2013 through in or around May 2014; and

1

from in or around May 2015 through in or around March 2024 with an approximate 4-month gap in 2022.

4.      At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours he worked each week over 40 hours.

5.      Further, Defendants failed to provide Plaintiff with the proper wage notices and statements under the New York Labor Laws.

6.      Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.      Plaintiff Ronald Mynor Vasquez Muñoz ("Plaintiff") was employed by Defendants at a towing and repair shop owned and operated by Defendants in several different

employment periods. First from December 2008 until in or around 2012, then he returned from 2013 through in or around May 2014; and finally in or around May 2015 through in or around March 2024 with an approximate 4-month gap in 2022.

10. Plaintiff consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b).

11. Safeway Towing Inc. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 5 Pleasant St, New Rochelle, NY 10801.

12. D & G Auto Repair, Inc. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 5 Pleasant St, New Rochelle, NY 10801.

13. Elite Towing & Flatbedding Corp. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 5 Pleasant St, New Rochelle, NY 10801.

14. Defendants Glenn Pantore is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Glenn Pantore is being sued individually in his/her capacity as owner, officer and/or agent of Defendants Safeway Towing Inc., D & G Auto Repair, Inc., Elite Towing & Flatbedding Corp. ('Defendants Corporations').

15. Defendant Glenn Pantore possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

16. Defendant Glenn Pantore had the power to hire and fire Plaintiff and other employees of the Defendants.

17.  Defendant Glenn Pantore had the authority to set Plaintiff's schedules.

18.  Defendants employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

19.  In the alternative, Defendants constitute a single employer of Plaintiff.

20.  At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

21.  Defendants, have/had a gross annual volume of revenue of not less than $500,000 based on the level of sales and the scope of the operation.

22.  Defendants are a joint and integrated enterprise that shares the same operations and ownership.

23.  Defendant Pantore operates multiple corporations out of the same location and workshop - 5 Pleasant St, New Rochelle, NY 10801- and uses the same tools, vehicles, fixtures and employees at his workshop located there for any client, regardless of the corporation on any invoice or letterhead.

## NOTICE PURSUANT TO
## N.Y. BUSINESS CORPORATION LAW §§ 624 & 630

24.  Plaintiff hereby demands, pursuant to N.Y. Business Corporation Law § 624(b), the opportunity to examine Defendants Safeway Towing Inc., D & G Auto Repair, Inc., Elite Towing & Flatbedding Corp. books and record(s) containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

25.  Pursuant to N.Y. Business Corporation Law § 630, Plaintiff hereby gives notice to the ten largest shareholders of Defendant Safeway Towing Inc., D & G Auto Repair, Inc.,

Elite Towing & Flatbedding Corp. with the largest ownership interest, as determined as of the beginning of the period during which the unpaid services alleged in this action were performed, that Plaintiff intends to hold them liable jointly and severally and personally liable for all unpaid debts, wages and salaries owed to Plaintiff.

<u>Plaintiff Ronald Mynor Vasquez Muñoz</u>

26.     Throughout his/her employment with defendants, Plaintiff was employed as a porter and general laborer to clean cranes, lifts, automobiles, organize the shop, clean the lot and other manual tasks.

27.     Plaintiff's work was supervised and his/her duties required neither discretion nor independent judgment.

28.     Plaintiff regularly worked in excess of 40 hours per week.

29.     For the relevant time period of this case, Plaintiff typically worked five (5) days per week for two weeks per month and seven (7) days per week for two weeks per month.

30.     Plaintiff typically worked from 8:00 A.M. until 5:00 P.M. on each workday however once per month Defendants had Plaintiff worked an additional five (5) hours at night performing extra tasks such as discarding waste from trailers, inter alia.

31.     From approximately 2018 until on or about October 2023, Defendants paid Plaintiff a day rate of $120 that did not include a premium for his overtime hours.

32.      From approximately November 2023 until on or about March 2024, Defendants paid Plaintiff a day rate of $150 that did not include a premium for his overtime hours.

33.     No proper notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

34.     Defendants never provided Plaintiff with each payment of wages a proper statement of wages, as required by NYLL 195(3).

35.     Defendants failed to provided Plaintiff all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

36.     Defendants' failure to provide such notices compromised and prejudiced Plaintiff's ability to precisely monitor his hours worked and pay received as well as damaging his ability to document is income and employment history, inter alia.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

(a)     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

(b)     Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

(c)     Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

(d)     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

(e)     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

(f)     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the

power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

(g)     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

(h)     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

(i)     Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

(j)     Defendant's failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

(k)     Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

(l)     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

(m)     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

(n)     Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

(o)     Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

(p)     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

(q)     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

(r)     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

(s)     Defendant's failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

(t)     Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE REQUIREMENT OF THE NEW YORK LABOR LAW

(u)     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

(v)     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

(w)     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

8

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

(x)     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

(y)     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

(z)     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(aa)    Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(bb)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(cc)    Declaring that Defendant's violation of the provisions of the FLSA were willful as to Plaintiff;

(dd)    Awarding Plaintiff damages for the amount of unpaid minimum wages, overtime wages, and damages for any improper deductions or credits taken against wages under

9

the FLSA as applicable;

(ee)     Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(ff)     Declaring that Defendants violated the minimum and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(gg)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(hh)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(a)     Declaring that Defendant's violations of the New York Labor Law were willful as to Plaintiff;

(b)     Enjoining Defendants from future violations of the NYLL;

(c)     Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(d)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and wage statement provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(e)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(f) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(g) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(h) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(i) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: July 23, 2024

By:  */s/ Colin Mulholland*

Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019


*/s/ Gennadiy Naydenskiy*

Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

*Attorneys for Plaintiff*